IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

|  |  |  |
|---|---|---|
| **CHRISTINE F. WOOD,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Case No. GLS 24-3050** |
| | : | |
| **MERRICK GARLAND,** | : | |
| | : | |
| Defendant. | : | |
| | : | |

## MEMORANDUM OPINION
## DENYING MOTION FOR RECONSIDERATION

Pending before the Court[1] is a "Motion for Reconsideration of Defendant's Time Extension." ("Motion"), filed by *pro se* Plaintiff Christine Wood. ("Plaintiff") (ECF No. 29). On April 2, 2025, Defendant filed "Defendant's Response in Opposition to Plaintiff's Motion for Reconsideration." ("Opposition") (ECF No. 30). Shortly thereafter, the Court issued an Order informing the parties that it did not require additional briefing. (ECF No. 31). Accordingly, the matter has been fully briefed and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023).

For the reasons set forth herein, the Motion is **DENIED**.

## I.    DISCUSSION

### A.  Background

The prior procedural history of this case is set forth in greater detail in the Court's prior order. (ECF No. 25).

On March 6, 2025, the Court issued an Order granting the Defendant an extension of time, until March 26, 2025, to file a response to the Complaint. (ECF No. 25). Thereafter, on March 21,

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of this Court to conduct all further proceedings in this case, to include through trial, entry of final judgment, and resolution of post-judgment proceedings.

2025, Defendant timely filed a Notice of Intent to File a Motion to Dismiss. (ECF No. 27).

On April 2, 2025, approximately twenty-seven days later, Plaintiff moved for reconsideration of the Court's March 6, 2025 Order pursuant to Fed. R. Civ. P. 59(e). (ECF No. 29). In the Motion, Plaintiff asks the Court to reconsider granting Defendant an extension of time to respond to the Complaint because: (a) according to Plaintiff, Defendant has not shown good cause because the Defendant "has not complied with the second deadline;" and (b) the bases for Defendant's delays are frivolous. (*Id.*, pp. 1-2). In addition, Plaintiff appears to assert that the caselaw relied upon by Defendant is factually distinct from her case and thus inapplicable. Alternatively, Plaintiff requests that the Court not grant Defendant any further extensions. (*Id.*, p. 2).

In the Opposition, Defendant maintains that he established good cause under the relevant caselaw and complied with the Court's deadline by filing his Notice on March 21, 2025. (ECF No. 30).

**B. Analysis**

As a preliminary matter, the Court has an obligation to continuously assess all motions and requests filed on an individual basis and thus the Court will never prophylactically "not grant . . . further extension[s]." (ECF No. 29). Accordingly, to the extent that Plaintiff requests that the Court pre-emptively deny Defendant any future extensions, such a request will be denied.[2]

1. Plaintiff's Motion is Untimely

Next, in federal court in Maryland, a *pro se* plaintiff is required to familiarize herself with and follow or comply with the Federal Rules of Civil Procedure, which can be found on the

---

[2] In addition, whether Defendant timely filed his Notice pursuant to the "second deadline"—i.e., March 26, 2025—set by the Court is immaterial to the determination of whether good cause existed at the time the Court granted Defendant an extension of time to respond on March 6, 2025. Nonetheless, contrary to Plaintiff's assertion, the Court finds that Defendant timely filed his Notice on March 21, 2025. (ECF No. 27).

Internet.  In addition, a *pro se* plaintiff is required to familiarize herself with and follow the rules that are known as "United States District Court-District of Maryland, Local Rules (D. Md. 2023)"("Local Rules"), which can be found at: www.mdd.uscourts.gov. The case law that supports these two propositions is: *Qiydaar v. People Encouraging People, Inc.*, Civ. No. ELH 17-1622, 2020 WL 4286831, * 3 (D. Md. July 27, 2020).  A *pro se* plaintiff can find case law on LexisNexis and Westlaw and may check her local library to see whether there are free versions of LexisNexis and Westlaw available to her.

Importantly, then, a *pro se* plaintiff is required to comply with all orders issued by the Court, and is responsible for "performing all duties imposed upon counsel by the [Local Rules] and all other applicable federal rules of procedure." *See* Loc. R. 101.1(a); *see also Proctor v. Charlestown Cmty., Inc..*, Civ. No. GLR 22-1365, 2023 WL 5994229, at *7 (D. Md. Sept. 15, 2023) (a self-represented, or *pro se* party, is still responsible for complying with a court's order, the Local Rules and Federal Rules of Civil Procedure, including those related to discovery).

Turning to the pending Motion, the Court's March 6, 2025 Order is an interlocutory order under Fed. R. Civ. P. 54(b), because the rulings contained therein resolved "fewer than all the claims or the rights and liabilities of fewer than all of the parties." *See* Fed. R. Civ. P. 54(b). Thus, Plaintiff is incorrect in relying upon Fed. R. Civ. P. 59(e), which governs reconsideration of final judgments; not what is at issue here.

In this District, the Local Rules limit a court's ability to entertain a motion for reconsideration. Specifically, in the context of a Rule 54(b) order, "any motion to reconsider any order issued by the Court shall be filed with the Clerk not later than fourteen (14) days after entry of the order." *See* Loc. R 105.10 (D. Md. 2023); *see also Bethany Boardwalk Grp. LLC v. Everest Sec. Ins.*, Civ. No. ELH 18-3918, 2020 WL 7054760, at *7 (D. Md. Dec. 1, 2020) (collecting cases

from this District).

In the instant case, the Court issued its Order on March 6, 2025. Thus, any challenge to its ruling was due fourteen days later, i.e., by no later than March 20, 2025. The Court finds that *pro se* Plaintiff filed her Motion on April 2, 2025, twenty-seven days after the Court issued its Order, and thus has failed to timely file a reconsideration motion. Accordingly, on this procedural record, it is within the Court's discretion to deny Plaintiff's Motion on procedural grounds.

2.  Plaintiff Has Not Met Her Burden for Reconsideration of the March 6, 2025 Order

Notwithstanding the procedural errors, in this Circuit, it is true that the resolution of a motion to reconsider an interlocutory order is "committed to the sound discretion of the [lower] court," *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003), whose goal is "to reach the correct judgment under law." *Deitemyer v. Ryback*, Civ. No. ELH-18-2002, 2019 L 4393073, at *1 (D. Md. Sept. 12, 2019) (internal citations omitted) (quoting *Netscape Commc'n Corp v. ValueClick, Inc.*, 704 F. Supp. 2d 544, 547 (E.D. Va. 2010)).

That being said, the Fourth Circuit also makes clear that a court's discretion under Rule 54(b) is not "limitless," and that appellate court has "cabined revision pursuant to Rule 54(b) by treating interlocutory rulings as law of the case." *U.S. Tobacco Coop., Inc. v. Big South Wholesale of Va., LLC*, 899 F.3d 236, 257 (4th Cir. 2018). According to the Fourth Circuit, this is because a court's discretion to revisit earlier rulings in the same case is also subject "to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Tobacco Corp*, 899 F.3d at 257 (internal quotation marks omitted) (quoting *Off. Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003)); *see also Sejman*, 845 F.3d at 68 (citation omitted) (law of the case doctrine is a "prudent judicial response to the public policy favoring an

4

end to litigation").

Putting all of these legal concepts together, then, the Court understands the law to be that a court can revise an interlocutory order "in the same circumstances in which [a court] may depart from the law of the case, [namely]: (1) a subsequent trial proceeding producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *Carlson. v. Bos. Sci. Corp*, 856 F.3d 320, 325 (4th Cir. 2017) (internal quotation marks and alteration omitted).

Plaintiff has failed to meet her burden of persuasion that the Court has erred. As is relevant here, there has been no intervening change in controlling law or the Local Rules, and there is no clear error of law. Indeed, *Jahangiri et al. v. Blinken et al.*, Civ. No. DKC 23-2722, 2024 WL 1656269 (D. Md. Apr. 17, 2024), holds that good cause to grant an extension of time to respond may be found where a government defendant is awaiting information from the agency that is needed to address the allegations in the complaint. Plaintiff cites to no caselaw that contradicts the court's ruling in *Jahangiri*. Instead, Plaintiff attempts to distinguish *Jahangiri* by claiming that the case is factually distinct because the underlying claims are not the same as Plaintiff's claims in this case. The Court is not persuaded by this argument. The facts relevant to determining whether good cause exists are the underlying circumstances and reasons for the requested extension. Put another way, what is relevant here is that in both *Jahangiri* and this case, the government defendant could not file a responsive pleading because it did not have the necessary information from the agency. 2024 WL 1656269, at *3. The fact that the *Jahangiri* plaintiff was advancing claims related to a K-1 Visa and not discrimination claims is not material to the Court's ruling. Accordingly, *Jahangiri* is relevant authority that the Court properly relied upon in its March 6, 2025 Order.

Similarly, Plaintiff has not produced new "substantially different evidence" nor established that the Court committed clear error. Indeed, the Fourth Circuit has held that it is difficult to meet the high bar of establishing clear error causing manifest injustice. Specifically, the Fourth Circuit has held:

> As we have noted on more than one occasion, "[a] prior decision does not qualify for th[e] third exception by being just maybe or probably wrong; it must strike us as wrong with the force of a five-week-old, unrefrigerated dead fish. It must be dead wrong."

*U.S. Tobacco Coop., Inc. v. Big S. Wholesale of Va., LLC*, 899 F.3d 236, 258 (4th Cir. 2018). (quoting *TFWS,* 572 F.3d at 194). Plaintiff has failed to persuade the Court that it's ruling is probably wrong, let alone dead wrong. The fact that Plaintiff may disagree with the Court's prior decision does not mean that manifest injustice will result.

## II.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion, (ECF No. 29), is **DENIED**.

A Separate Order will follow.

Date: April 10, 2025                          _____/s/_____
                                              The Honorable Gina L. Simms
                                              United States Magistrate Judge

6